United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 25, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-33640** |
| **SHAWN D RODRICKS** | § | |
| **and** | § | |
| **TANIA C RODRICKS,** | § | |
| | § | |
| **Debtors.** | § | |
| | § | **CHAPTER 7** |

## ORDER DENYING MOTION TO VACATE DISMISSAL

The matter before the Court is the Motion to Reconsider Dismissal of Case and Reinstatement of Case (ECF No. 24). After review, the motion is denied.

This case was dismissed on September 23, 2024 (ECF No. 21) for failure to comply with the Deficiency Order filed on August 14, 2024 (ECF No. 5), which advised the debtor that payment advices must be filed in compliance with 11 U.S.C. § 521(a)(1) or else the case will be automatically dismissed pursuant to 11 U.S.C. § 521(i). The debtor failed to file the required information and the case was automatically dismissed.

Section 521 of the Bankruptcy Code requires that the debtor shall file, among other things, "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor."[1] The timeline for the filings is strict: "[I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."[2] The debtor may request an additional 45 days if the court finds justification for extending the period for the filing.[3]

The debtor did not file the required payment advices within 45 days of the petition date. Instead, debtor waited until the case was dismissed, then filed the required documents and requested that the dismissal be vacated.

---

[1] 11 U.S.C. §521(a)(1)(B)(iv).
[2] 11 U.S.C. §521(i)(1).
[3] 11 U.S.C. §521(i)(3).

Numerous courts have held that a bankruptcy court is **without discretion** under 11 U.S.C. § 521(i) to vacate a dismissal order when the debtor failed to file payment advices or to seek an extension of time within the 45 days set forth by the statute.[4] The Court accordingly finds that it has no discretion to vacate the dismissal order, and denies the Motion to Reconsider Dismissal of Case and Reinstatement of Case (ECF No. 24).  The court recognizes the prejudice done to the debtor by this order; however, it cannot manufacture authority to set aside the automatic dismissal when no authority exists.

     **SO ORDERED.**

     SIGNED 09/25/2024

_____

Jeffrey Norman
United States Bankruptcy Judge

---

[4] *In re Courtney Anne Olsen*, 2020 WL 2844379 (Bankr. D. Utah, June 1, 2020); *In re Ball*, 532 B.R. 29 (Bankr. W.D. Tex. 2013). See also, *In re Hall*, 368 B.R. 595, 599 (Bankr. W.D. Tex. 2007) (finding no discretion in statute for court to refuse to dismiss case when the § 521(i)(1) deadline has passed); *In re Richardson*, No. 07-42881, 2008 Bankr. LEXIS 229, 2008 WL 270263, at *2-3 (Bankr. E.D. Tex. Jan. 30, 2008) (finding no discretion to refuse to dismiss); *In re Nutall*, No. 08-04092-8-JRL, 2008 WL 4372807, at *1 (Bankr. E.D.N.C. Sept. 22, 2008) (finding no authority in which to set aside the automatic dismissal); *In re Young*, No. 06-80397, 2006 Bankr. LEXIS 4625, 2006 WL 3524482, at *4 (Bankr. S.D. Tex. Dec. 6, 2006).